UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROSEMARIE BAIRD,

                      Plaintiff,

      -against-

KINGSBORO PSYCHIATRIC CENTER,

                      Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

11-CV-159 (NGG) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 1 3 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff, pro se, filed a Complaint alleging that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12112-12117 (the "ADA"), and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-34 (the "ADEA"). (Compl. (Docket Entry # 1).) On October 20, 2011, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R & R") recommending that Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) be granted. (Docket Entry # 29.) On November 22, 2011, Plaintiff filed an objection to the R & R's recommendation concerning the disposition of her Title VII claim. (Docket Entry # 32.) Upon due consideration, Defendant's motion is granted without prejudice. Plaintiff is given leave to file an amended complaint if she wishes.

**I.    BACKGROUND**

Plaintiff was employed by Defendant. (Compl. Attachment (Docket Entry # 1) ¶ 1.) Defendant is a New York State-administered psychiatric hospital. N.Y. Mental Hyg. Law § 7.17. Plaintiff alleges that she complained to Defendant that (1) it was not accommodating her

1

medical disability and (2) it was not investigating her allegations that a co-worker was sexually harassing her. (Compl. Attachment ¶ 4.) After Plaintiff made these complaints, she was bullied and subjected to a hostile work environment. (Id. ¶ 5.) In July 2008, Defendant "forced [Plaintiff] to choose between facing false trumped up disciplinary charges or going on forced sick leave . . . ." (Id. ¶ 2.) Plaintiff alleges Defendant took those actions in retaliation to her complaints. (Id. ¶ 4.) Plaintiff went on sick leave. In July of 2009, Defendant did not extend Plaintiff's sick leave. (Id. ¶ 3.) In that same month, Plaintiff was "forced out and constructively terminated based on her disability . . . ." (Id. ¶ 1.) It is not clear from the Complaint if Plaintiff is alleging that Defendant's decision to not extend her sick leave was the act of constructive termination, or if Defendant took additional actions in July 2009 that constituted a constructive termination.

Plaintiff filed a complaint with the New York State Division of Human Rights (the "DHR") in late July 2009, alleging gender, disability, and age discrimination. (Baird DHR Compl. (Khan Aff. Ex. A (Docket Entry # 21)).) The DHR ruled that Plaintiff's claim was untimely and, in an alternative holding, that there was no evidence of discrimination. (DHR Determination & Order (Khan Aff. Ex. B).) Plaintiff appealed this decision to the New York State Supreme Court, Kings County, which upheld that determination. (Sup. Ct. Decision & Order (Khan Aff. Ex. C).) Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission in October 2010, and filed suit in this court the same month. (Compl. at 6.) She alleged gender, disability, and age discrimination in violation of the relevant federal statutes. (Id. at 1.) Defendant's motion to dismiss followed. (Def. Mot. (Docket Entry # 20).) The court referred this motion to Judge Bloom for a Report and Recommendation (Apr. 21, 2011 Order (Docket Entry # 10)), which has since been issued.

## II. STANDARD OF REVIEW

In reviewing the report and recommendation of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 U.S. Dist. LEXIS 23620, at *3 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)).

The district court reviews de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R & R, an objecting party "must point out the specific portions of the report and recommendation to which [he or she] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-cv-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R & R]." (emphasis added)). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entergris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R & R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)").

## III. DISCUSSION

3

The R & R recommended that Plaintiff's ADA and ADEA claims against Defendant should be dismissed as barred on the grounds of sovereign immunity. (R & R at 4-6.) Plaintiff had conceded as much in her opposition to Defendant's motion (Pl. Opp'n Aff. to Def. Mot. (Docket Entry # 21) ¶ 2) and does not object to that recommendation (see Pl. Objection (Docket Entry # 32)). The court accordingly reviews that portion of the R & R for clear error. Finding none, the court agrees with the recommendation. Plaintiff's ADA and ADEA claims are therefore dismissed for lack of subject matter jurisdiction.

The court turns to the R & R's recommendation that Plaintiff's Title VII claims be dismissed due to Plaintiff filing an untimely administrative complaint. Plaintiff filed her DHR complaint in July 2009. (See Baird DHR Compl. at 1.) According to her Complaint, that was a year after she entered sick leave, but less than a month after her employer refused to extend her sick leave and she was "forced out and constructively terminated." (Compl. Attachment ¶¶ 1-5.) Defendant argues that Plaintiff's Title VII claims are accordingly time-barred because the events that she alleges violated Title VII happened more than 300 days before she filed her administrative complaint. (Def. Mem. (Docket Entry # 20) at 8-9.) See 42 U.S.C. § 2000e-5(e)(1). The R & R agreed; it reasoned that (1) all the events alleged in Plaintiff's Complaint, other than the constructive termination, occurred a year or more before she filed her DHR charge, and (2) Plaintiff has alleged that her constructive termination was due to her disability, not gender discrimination, and so the fact that a claim based on her constructive termination would not be time-barred does not save Plaintiff's Title VII claims. (R & R at 6-9.)

Plaintiff's Complaint alleges two Title VII claims: retaliatory hostile work environment and retaliation. The court will consider the timeliness of each claim in turn.

A hostile work environment claim is timely if any of the acts that contributed to the hostile work environment were within the 300 days preceding the charge. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002). However, the implication of the Complaint is that Plaintiff was on sick leave from July 2008 onward (see Compl. Attachment ¶ 2), and thus was not present in Defendant's work environment; therefore, she could not have been subjected to any events that created or maintained a hostile work environment within 300 days of July 2009. Plaintiff's hostile work environment claim is thus time-barred.

However, as Plaintiff does not expressly allege that she never returned to work, she is given leave to file an amended complaint that alleges she did return to the work environment if in fact she did so within 300 days of July of 2009.

Plaintiff also alleges that she was retaliated against in response to complaining of sexual harassment by a co-worker. Plaintiff clearly alleges that part of that retaliation was a threat of false disciplinary charges if she did not go on "forced sick leave." (Id. ¶ 4.) These events occurred in 2008, a year before Plaintiff filed her DHR charge. (Id.) What is unclear from Plaintiff's Complaint is whether Defendant's decisions to "refuse[] to extend [Plaintiff's] forced sick leave further" (id. ¶ 3) and "force[] out and constructively terminate[]" Plaintiff (id. ¶ 1), which Plaintiff alleged happened in July of 2009, were also taken in retaliation. Defendant argues that the latter action could not have been taken in retaliation against Plaintiff's complaints, because Plaintiff states in her Complaint that Defendant took the action "based on her disability." (Id.) The court agrees that the clearest reading of that allegation is that Defendant constructively terminated Plaintiff because of her disability, meaning Plaintiff has pled an ADA claim, not a Title VII claim, and thus the fact that the constructive termination

claim is not time-barred does not save her case. Therefore, the court will grant Defendant's motion to dismiss.

However, it is also possible to read Plaintiff's Complaint as alleging that Defendant used her disability as the <u>pretext</u> used to constructively discharge by forcing her into disability retirement, but was motivated to do so, at least in part, by a desire to retaliate for her protected complaints regarding sexual harassment. The remaining allegations of the Complaint, which allege that the first steps toward constructive termination were taken out of retaliation for Plaintiff's complaints, support this reading of the Complaint. Therefore, if Plaintiff believes that she was constructively terminated in July of 2009 at least in part in retaliation for complaining about her co-worker's sexual harassment, then she may file an amended complaint that makes such an allegation clear. If Plaintiff also believes that Defendant's decision to refuse to extend her sick leave was motivated in part by a desire to retaliate for her complaints about sexual harassment, she should make that clear in her amended complaint as well. These two events clearly occurred within the 300-day complaint filing period; if Plaintiff does file an amended complaint alleging that those actions were taken in retaliation for Plaintiff's complaints of sexual harassment, then a Title VII retaliation claim would be timely.

Because the court dismisses Plaintiff's Complaint, it need not reach Defendant's alternative argument that Plaintiff's case would be precluded by the unfavorable decision against her in the DHR, subsequently affirmed by the state court. However, should Defendant wish to renew this argument in response to an amended complaint, Defendant should be prepared to explain how the DHR's ruling that Plaintiff's complaint was untimely could relate to events—the cancellation of sick leave and the constructive termination into disability retirement—that occurred less than two months before Plaintiff filed her DHR complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED as to Plaintiff's ADA and ADEA claims, and GRANTED with leave to re-plead with respect to Plaintiff's Title VII claims. Plaintiff is given forty-five days to amend her Complaint to clarify as discussed above. If Plaintiff does not amend her Complaint within forty-five days, her Title VII claims will be dismissed with prejudice.

SO ORDERED

Dated: Brooklyn, New York
      September _10_, 2012

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge