UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROSEMARIE BAIRD,

                Plaintiff,              **MEMORANDUM & ORDER**

      -against-                         11-CV-159 (NGG) (LB)

KINGSBORO PSYCHIATRIC CENTER,

                Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

      Before the court are Plaintiff's and Defendant's objections to Magistrate Judge Lois Bloom's Report and Recommendation ("R&R") that recommended the court (1) deny Defendant's Motion to Dismiss, but also (2) dismiss Plaintiff's Amended Complaint as barred by res judicata. For the reasons set forth below, the R&R is ADOPTED IN FULL.

I.      **BACKGROUND**

      Plaintiff was employed by Defendant as a pharmacist. (Am. Compl. (Dkt. 38) 6.) Plaintiff alleges she was sexually harassed by a coworker and complained to Defendant. (Id.) Plaintiff made "ongoing complaints" about Defendant's failure to investigate her report of sexual harassment. (Id.) Plaintiff claims that after she made these complaints, Defendant subjected her to a hostile work environment, including "emotional bullying" and an unreasonable increase in workload. (Id.) In July 2008, Defendant allegedly threatened to bring false disciplinary charges against Plaintiff unless she agreed to take sick leave and apply for disability retirement. (Id.) In July 2009, Defendant refused to further extend Plaintiff's sick leave. (Id.) Therefore Plaintiff claims she was "forced out" of her job and "constructively terminated" in retaliation for complaining about sexual harassment. (Id.)



Plaintiff filed a discrimination complaint based on these allegations with the New York State Division of Human Rights ("NYSDHR") on July 24, 2009. (See Khan Aff. (Dkt. 45) Ex. E ("NYSDHR Compl.").)[1] On July 26, 2010, the NYSDHR dismissed Plaintiff's complaint on the grounds of untimeliness, finding that "all the negative job actions [Plaintiff] claims occurred more than one year before she filed her Division complaint." (Khan Aff. Ex. F ("NYSDHR Determination") 3.) The NYSDHR further found there was "no probable cause to believe that [Defendant has] engaged in or are engaging in the unlawful discriminatory practices complained of." (Id. at 1.) The Equal Employment Opportunity Commission issued Plaintiff a right to sue letter on October 13, 2010. (Am. Compl. 6.) Plaintiff then appealed the NYSDHR's determination to New York State Supreme Court of Kings County, which dismissed the case on March 8, 2011. (Khan Aff. Ex. G ("NY State Court Decision").) The state court found that Plaintiff "was given a full opportunity to present her claims, submit evidence, and offer a rebuttal to Kingsboro's response" and that "despite the untimeliness of the complaint, the investigator made findings as to each allege act of discrimination and concluded . . . that [Plaintiff] was not singled out for differential treatment based on any of the protected categories." (Id. at 2-3.) Plaintiff appealed to the New York State Appellate Division, Second Department, which affirmed the lower court's decision on November 21, 2012. (Khan Aff. Ex. H ("Appellate Decision").)

While the state court action was pending, Plaintiff, proceeding pro se, brought the instant action against Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). On September

---

[1] The court takes judicial notice of the actions brought by Plaintiff before the NYSDHR and New York State court, as did Judge Bloom. (See R&R 4.) For ease of reference, the court cites to the Khan Affidavit, which contains copies of relevant documents from those actions. (See Khan Aff.)

2

13, 2012, the court granted Defendant's motion to dismiss as to all claims but granted Plaintiff leave to amend her complaint to re-plead her Title VII claim. (Sept. 13, 2012, Mem. & Order (Dkt. 36).) Plaintiff filed an amended complaint on November 19, 2012. (Am. Compl.) On December 7, 2012, the court granted Defendant leave to bring a motion to dismiss the Amended Complaint, and referred the motion to Magistrate Judge Lois Bloom. (Dec. 7, 2012, Order (Dkt. 39).) On August 12, 2013, Judge Bloom issued an R&R denying Defendant's Motion to Dismiss but dismissing Plaintiff's Amended Complaint as barred by res judicata. (R&R (Dkt. 50).) Plaintiff and Defendant each filed separate written objections to the R&R. (Pl. Obj. (Dkt. 53); Def. Obj. (Dkt. 54).) Defendant also filed a response to Plaintiff's objections. (Def. Resp. Obj. (Dkt. 56).)

## II.    STANDARD OF REVIEW

When a magistrate judge issues an R&R and that R&R has been served on the parties, a party has fourteen days to object to the R&R. Fed. R. Civ. P. 72(b)(2). If the district court receives timely objections to the R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which [he] object[s]." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R].").

If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under [ ] Fed. R. Civ. P. 72(b)"). Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2.

### III. DISCUSSION

The court will first address Plaintiff's objections, then turn to Defendant's objections, which were submitted "in order to preserve [Defendant's] other arguments made in support of dismissal of the amended complaint." (Def. Obj. 2-3.)

#### A. Plaintiff's Objections

Plaintiff's objections cite no case law and comprise five paragraphs, three of which articulate objections to the R&R. Plaintiff first argues that "the principles of res judicata would not apply" to her federal claims:

> I never had an opportunity to bring my federal claims under Title VII or the ADA in state court or the state administrative agency, as the election of remedies doctrine would have prevented me from pursuing federal claims in a state plenary action after I raised my state law claims before the administrative agency. Therefore, the federal claims could not have been litigated before the state agency or state court (once I chose to go to the state agency); therefore, there has never been an adjudication *on the merits* or otherwise on my federal claims, nor could there have been. Accordingly, principles of res judicata certainly should not apply here.

(Pl. Obj. ¶ 3 (emphasis in original).) The court considers this a specific objection, and analyzes the portion of the R&R relating to the application of res judicata de novo. Plaintiff's remaining objections, however, are entirely generalized and do not refer to any specific portion of the R&R.

4

(See id. ¶ 4-5.) Plaintiff argues that "justice requires that [she] be allowed to develop a sufficient evidentiary record on [her] federal claims through the discovery process before such a conclusion can be reached, and that is an issue to be decided at summary judgment or trial not upon a motion to dismiss." (Id. ¶ 4.) Finally Plaintiff contends that her "complaint should be liberally construed at this early stage of the litigation, and even more so because [she is] pro se." These general objections, together with the unobjected to portions of the R&R, require clear error review.

### 1. Application of Res Judicata

Plaintiff objects to the application of res judicata to her Title VII and ADA claims because "there has never been an adjudication on the merits." (Pl. Obj. ¶ 3.) As an initial matter, on September 13, 2012, the court dismissed Plaintiff's ADA claim as barred on the grounds of sovereign immunity, and Plaintiff may not resurrect this claim at this time. (Sept. 13, 2012, Mem. & Order 4.) As for Plaintiff's Title VII claim, the R&R recommended that the court apply res judicata "in the interests of judicial economy." (R&R 12.) The court agrees, as it is within the court's authority to raise the issue of res judicata sua sponte even if the parties have not briefed it.[2] See Scherer v. Equitable Life Assurance Soc'y, 347 F.3d 394, 399 (2d Cir. 2003) ("Res judicata, unlike other defenses, can be raised by the district court sua sponte to determine that jurisdiction does not exist."). Although "the sua sponte application of res judicata is not always desirable," id. at 398 n.4, it is a wise inquiry for the court to undertake here because "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Wongkiatkachorn v. Capital One Bank, No. 09-CV-9553 (CM), 2010 WL 3958764, at *4

---

[2] The court notes that Defendant addressed the closely related doctrine of collateral estoppel in its motion and its objections and cited case law concerning res judicata, so the issue has benefitted from some degree of briefing.

(S.D.N.Y. Oct. 5, 2010) (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) (internal quotation marks omitted)); see also 28 U.S.C. § 1738 (according full faith and credit to state judicial proceedings).

The doctrine of res judicata, or claim preclusion, requires that (1) the prior action involved plaintiff and resulted in adjudication on the merits, and (2) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000). Although res judicata does not apply to a state administrative agency determination, a final state court decision may have preclusive effect in federal court. See Bray v. N.Y. Life Ins. Co., 677 F. Supp. 127, 130 (S.D.N.Y. 1987) (citing Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982)). Therefore the court examines Plaintiff's appeal to New York Supreme Court and the Appellate Division.

It cannot be disputed that Plaintiff was involved in the prior state action. In addition, the R&R found that the Appellate Division's determination was on the merits (R&R 13), and the court agrees. Under New York law, a dismissal of an action as time-barred is considered to be on the merits for res judicata purposes. See Nostrum v. Cnty. of Suffolk, 954 N.Y.S.2d 611, 613 (App. Div. 2012) ("[D]ismissal of a cause of action on the ground that it was barred by the applicable statute of limitations is sufficiently close to the merits for claim preclusion purposes.") (citation and internal quotation marks omitted); Hendrickson v. Philbor Motors, Inc., 955 N.Y.S.2d 384, 390 (App. Div. 2012). And the Second Circuit has found that "the timeliness requirement of Title VII is analogous to a statute of limitations." McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 214 (2d Cir. 2006) (citation and internal quotation marks omitted). Therefore the state court's conclusion that Plaintiff's NYSDHR complaint was untimely (NY State Court Decision 1-2) constituted adjudication on the merits.

Furthermore, courts have held that a New York State court's affirmation of a NYSDHR finding of no probable cause is also on the merits. See, e.g., Pajooh v. Dep't of Sanitation, No. 11-CV-03116 (LTS), 2012 WL 4465370, at *3 (S.D.N.Y. Sept. 27, 2012); Wongkiatkachorn, 2010 WL 3958764, at *4. Here, in Plaintiff's state court case, the Appellate Division affirmed the holding that there was "no probable cause to believe that [Defendant] engaged in unlawful discriminatory practices" (Appellate Decision 2), and therefore this determination too was a judgment on the merits.

As for the second factor, the R&R found that Plaintiff's remaining retaliation claims were or could have been raised in her state case. (R&R 14.) "Under New York's transactional approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy." Giannone v. York Tape & Label, Inc., 548 F.3d 191, 194 (2d Cir. 2008); see also Pajooh, 2012 WL 4465370, at *3 (holding a Title VII action to be barred by res judicata because it "emerge[d] from the same set of events and allegations" as a prior NYSDHR proceeding and appeal). A NYSDHR complaint need not invoke Title VII for the state court proceeding to preclude a subsequent Title VII suit. Arnold v. Beth Abraham Health Servs. Inc., No. 09-CV-6049 (DLC), 2009 WL 5171736, at *5 (S.D.N.Y. Dec. 30, 2009) ("[E]ven if plaintiff did not characterize his claims for gender discrimination as a Title VII cause of action in the proceedings before the Division and the Article 78 Court, such a claim is still barred because it unquestionably involved the same . . . nucleus of operative fact as the first suit.") (citation and internal quotation marks omitted); see also Kremer, 456 U.S. at 479 (holding state law claims brought before NYSDHR and reviewed by state court precluded Title VII claim in a second suit).

7

In her objections, Plaintiff claims the "election of remedies doctrine" prevented her from bringing her federal claims before any state agency or state court. (Pl. Obj. ¶ 3.) Plaintiff misapplies this doctrine. Under the election of remedies provision of New York's Human Rights Law ("NYHRL"), a plaintiff who has brought a claim under NYHRL before the NYSDHR may not subsequently bring a NYHRL claim in state or federal court.[3] See York v. Ass'n of Bar of City of New York, 286 F.3d 122, 128 (2d. Cir 2002) ("The NYHRL and CHRL claims, once brought before the NYSDHR, may not be brought again as a plenary action in another court."); see also N.Y. Exec. Law § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights."). This restriction applies to causes of action *under state law and city law* but does not affect rights of action under federal statutes such as Plaintiff's Title VII claim here. See York, 286 F.3d at 127-28 (citing Moodie v. Fed. Reserve Bank of New York, 58 F.3d 879, 882 (2d Cir. 1995)).

Regardless of the effect of the election of remedies doctrine, Plaintiff did in fact plead a retaliation claim in her NYSDHR complaint that was reviewed on appeal by the state court. (See NYSDHR Compl. 2 (alleging "[r]etaliation for [c]omplaining against female [s]exual [h]arassment.").) Although Plaintiff now expressly styles her remaining retaliation claim under Title VII, it arose from the same transactions, incidents, and events as her state law claims, specifically her alleged forced sick leave and constructive termination in retaliation for her sexual harassment complaints. (See NYSDHR Compl. 1-3.) Because Plaintiff could have

---

[3] This doctrine does not affect the right to appeal a NYSDHR determination to New York State Supreme Court and subsequent appellate courts. See N.Y. Exec. Law § 297(9).

brought her Title VII claims on these same facts, her claim is now barred under the doctrine of res judicata. Accordingly Plaintiff's objection is overruled.

### 2. Plaintiff's Remaining Objections

In her other objections, Plaintiff argues that "justice requires that [she] be allowed to develop a sufficient evidentiary record on her federal claims through the discovery process" and that her "complaint should be liberally construed." (Pl. Obj. ¶¶ 4-5.) The court notes that a party is not entitled to discovery as of right; a plaintiff must first state a claim upon which relief may be granted. Furthermore, it is unlikely that the facts bearing upon the application of res judicata in this case will be further developed through discovery. The court also finds no clear error in the R&R's construction of the complaint or its determination to resolve this case at the motion to dismiss stage, and therefore Plaintiff's remaining objections are overruled.

### B.   Defendant's Objections

Defendant objects to the R&R's finding that collateral estoppel does not apply to Plaintiff's claims. (Def. Obj. 4.) Defendant argues that because "the same issues were raised in plaintiff's DHR complaint as in plaintiff's amended complaint here, and rejected on the merits[,] plaintiff's claim is thus barred by collateral estoppel." (Id. at 6.)

Collateral estoppel is a "narrower" principle than res judicata, "treat[ing] as final *only* those questions actually and necessarily decided in a prior suit." Brown v. Felsen, 442 U.S. 127, 139 n.10 (1979) (emphasis added). It applies when "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity for litigation in the prior proceeding, and (4) the issues previously ligated were necessary to support a valid and final judgment on the merits." Ali v. Mukasey, 529 F.3d 478, 489 (2d Cir. 2008). Under New York law, "to satisfy the identity

9

requirement, [a question] must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." Evans v. Ottimo, 469 F.3d 278, 282 (2d Cir. 2006).

The issue of Defendant's alleged adverse employment actions taken against Plaintiff in retaliation for her sexual harassment complaints was not identical between the state proceeding and the instant case. According to NYSDHR's determination "*all* the negative job actions [Plaintiff] claims occurred more than one year before she filed her Division complaint," (NYSDHR Determination 3), and the state court affirmed this finding of untimeliness (see NY State Court Decision; Appellate Decision). By contrast, in liberally construing Plaintiff's federal complaint, this court acknowledged the possibility that a portion of Plaintiff's retaliation claim was timely and permitted Plaintiff to re-plead her Title VII claim to clarify that Defendant's July 2009, conduct was in retaliation for Plaintiff's sexual harassment complaints. (See Sept. 13, 2012, Mem. & Order 6.) The NYSDHR did not address any of Plaintiff's timely claims—since it found there were none—and therefore did not "actually decide[]" them. Ali v. Mukasey, 529 F.3d at 489. While NYSDHR also concluded that Plaintiff's claims lacked probable cause, it did so "despite [those claims] being outside the time limit" (NYSDHR Determination 3), an acknowledgement that it did not consider any timely claims as part of its probable cause assessment.[4] For these reasons the court finds that collateral estoppel should not apply because Plaintiff's retaliation claim as construed by NYSDHR was not identical to the claim presented here and was therefore not actually decided on the state level. Defendant's objections are overruled.

---

[4] Furthermore, since NYSDHR considered only untimely claims, the probable cause determination was not necessary for the judgment, which could stand on the grounds of untimeliness alone. Therefore this additional prong of collateral estoppel also is not satisfied.

### C.     Remainder of Recommendations

Portions of the R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour, 2012 WL 728227, at *2. The court therefore reviews for clear error the portions of Judge Bloom's R&R that were not objected to and finds none. Accordingly, the court also adopts those portions of the R&R.

### IV.   CONCLUSION

For the reasons set forth above, Judge Bloom's R&R is ADOPTED IN FULL. Defendant's motion to dismiss is DENIED but Plaintiff's Amended complaint is DISMISSED as barred by res judicata.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
       October 22, 2012

NICHOLAS G. GARAUFIS
United States District Judge

11